IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUYNN FOLKES,<br>*Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF HOUSTON<br>*Defendants.* | §<br>§<br>§<br>§   Cause No. 4:20-cv-3165<br>§   (Jury Demanded)<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, QUYNN FOLKES ("Plaintiff"), and files this her Original Complaint against UNIVERSITY OF HOUSTON ("Defendant"), and in support thereof would show the Court and Jury as follows:

### A. INTRODUCTION

1. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

2. Plaintiff alleges Defendant discriminated against Plaintiff based on Plaintiff's sex and/or disability and/or retaliated Plaintiff based on a good faith complaint in violation of Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act (ADA) of 1990 based on her disability, pregnancy and/or panic attacks, in violation of Title IX of the Civil Rights Act of 1964. Plaintiff pleads each cause of actions separately and alternatively as appropriate based on the facts of the case established at the time of the trial. None of this action seeks equitable relief, compensatory damages, liquidated damages, mental anguish damages, attorneys' fees, expert witness fees, taxable court costs, and pre-judgment and post-judgment interest.

## B.  PARTIES

3. Plaintiff, QUYNN FOLKES (herein "Quynn" or "Plaintiff"), is an individual residing in the Southern District of Texas.

4. Defendant, UNIVERSITY OF HOUSTON is a domestic nonprofit corporation that may be served with process through its registered agent, Terrylin G Neale at 4543 Post Oak Place Suite 250, Houston, Texas 77027. Pursuant to Tex. Bus. Orgs. Code Section 5.251, *et seq*.

## C.  JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit because the suit arises under 28 U.S.C. section 1343 (civil rights) 42 U.S.C. section 1983.

6. Jurisdiction also vests under Title IX (programs receiving federal funding; prohibition against sexual discrimination).

7. Jurisdiction and venue lie under the Rehabilitation Act, 29 United States Code section 794, and under the Americans with Disabilities Act (ADA), 42 USC §§ 12101 et seq. (1990) (Title VII).

8. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2), because among other reasons, Defendants are doing business in this district and division; Plaintiff went to Defendant's college in this district and division; and a substantial part of the events giving rise to the claim occurred in this district and division.

## D.  STATEMENT OF FACTS

9. Plaintiff applied and was admitted University of Houston School of Pharmacology on or around April 2016.

10. On or around April 2016, Plaintiff attending school meetings prior to the school semester. On or about September 13, 2017, Plaintiff emailed Dr. Pitman to inform her of her

pregnancy. Plaintiff did not receive accommodations after her request was made to Dr. Paige Pitman, Assistant Dean of Student and Professional Affairs for Defendant University of Houston College of Pharmacy (UHCOP).

11. On November 27, 2017, Plaintiff emailed Dr. Pitman regarding a light load of school work during the spring semester due to her pregnancy, however, Dr. Pitman indicated that light loads of school work loads are not offered to students based on medical and/or personal needs. Dr. Pitman also indicated that light loads of school work are only based on course failures.

12. Plaintiff was not referred to as a student with a disability even though she was pregnant during her first semester by Cheryl Amoruso, Director for Center for Students with Disabilities for UHCOP.

13. On February 18, 2019, Plaintiff emailed Dr. Pitman to let her know that her son was hospitalized after birth and was in intensive care due to a severe infection, multiple strokes, septic shock, seizures, and meningitis. Plaintiff also became sick with mastitis and was unable to breastfeed. Plaintiff made Defendant UHCOP aware of her medical condition that made her unable to return to school until she recovered.

14. Plaintiff had severe bodily pain as she was told to walk all over the hospital post labor. On February 18, 2019, Dr. Pitman called Plaintiff and indicated to Plaintiff that she could not be off campus for more than two weeks, and had to be back in class or Plaintiff would need to withdraw from the program for the remainder of the semester and appeal to be allowed back into the program the following term.

15. On March 7, 2019, Plaintiff emailed Dr. Pitman and Mrs. Luthra Bhawna concerning Plaintiff's medical emergency pertaining to her generalized anxiety disorder and asking for aid, seeking a reasonable accommodation for her disabilities. Dr. Pitman indicated that

Plaintiff did not need her help and dismissed Plaintiff. Mrs. Luthra Bhawna did not reply until 3 weeks later. When Luthra replied she said that Dr. Pitman had the power to help Plaintiff. Plaintiff did not receive CSD referral, and no accommodations. Defendant UHCOP deliberately ignored and willfully denied Plaintiff access to a reasonable accommodation to allow her to have equal access to educational opportunities with Defendant.

16. On May 20, 2019, Plaintiff submitted and emailed her course appeal letter due to the panic attack Plaintiff experienced during the final exam resulting from her generalized anxiety disorder (GAD). On May 20, 2019, Plaintiff emailed Dr. Eikenburg concerning the remediation and requesting the grounds of Plaintiff's GAD affecting her performance on the final exam. Dr. Eikenburg indicated that Plaintiff's GAD panic attack were not grounds for remediation.

17. On June 4, 2019, Defendant UHCOP's Dean Pritchard emailed Plaintiff indicating he was upholding that decision of the committee, and a letter from Plaintiff's medical provider would be necessary in the event that Plaintiff reapplied. Prior to this, Plaintiff attempted to meet with Dean Pritchard to discuss the specifics of the appeal at least 5 times ranging from May 20, 2019 to June 6, 2019.

18. On August 1, 2019, Plaintiff received s committee decision on attempt to retroactively medically withdraw from single course affected by GAD. Plaintiff's appeal included a letter from psychiatrist, and the Committee denied Plaintiff's appeal.

19. During that same summer, Defendant's CSD campus office did find Plaintiff should receive CSD accommodations while the appeal process was ongoing. The Defendant UHCOP declined to take any CSD accommodations into account during the appeal. Plaintiff additionally provided medical records indicating the necessity of the CSD accommodations during the appeal from the school psychiatrist.

20. As a result of the appeal decision on June 5, 2019, Plaintiff could no longer continue as a student at the UHCOP. Plaintiff was denied protection under the law based on her disability and seeks recovery for the retaliatory actions taken by Defendant, Defendant's Agent and Employees for the claims outlined below.

### E.  CAUSES OF ACTION

21. Plaintiff asserts the following causes of actions separately and alternatively and repleads all above facts below:

1. **<u>VIOLATIONS OF SECTION 504 REHABILITATION ACT AND/OR TITLE II OF THE ADA</u>**

   a. **Discrimination based on Disability**

22. Plaintiff complains that she was discriminated against in the educational process because of her disability, and her disability became a factor in denying her readmission into the Academy. When Plaintiff insisted that her disability should not be a factor, the decision maker for the institution made clear that the decision would not change.

   b. **Failure to Provide Reasonable Accommodation**

23. Plaintiff complains that she made a good faith request for accommodation for her disability, the Defendant failed to even investigate whether a reasonable accommodation could be afforded to Plaintiff, failed to provide a reasonable accommodation, and this failure denied Plaintiff equal access to educational opportunities with Defendant.

   c. **Retaliation for Good Faith Request for Accommodation**

24. The actions of Defendants' agents and employees in denying Plaintiff a reasonable accommodation where taken in retaliation for Plaintiff's good faith request for accommodation and complaints regarding Defendant's failure to accommodate. Plaintiff suffered discrimination in

terms, conditions, and equal access to educational opportunities due to her disability, and in retaliation for her good-faith complaint based on this treatment. As outlined above, Plaintiff did not receive reasonable accommodations, Plaintiff made multiple good-faith complaints about regarding Plaintiff's disability.

2. **VIOLATIONS OF TITLE IX**

   a. **Discrimination based on Sex**

25. Plaintiff complains that the Defendant has discriminated against her in the educational process and that her sex became a factor in her removal from the Defendant's institution and the ultimate denial of readmission to UHCOP.

26. Defendant UHCOP is a major educational institution whose utilized different standards to Plaintiff when considering her readmission to the institution when making its decision on appeal. This action as taken in whole or in part based on Plaintiff's sex.

   b. **Retaliation for Good Faith Complaint of Discrimination**

27. The actions of Defendants' agents and employees in denying Plaintiff a reasonable accommodation where taken in retaliation for Plaintiff's good faith request complaint of discrimination based on her sex and complaints regarding Defendant's failure to accommodate. Plaintiff suffered discrimination in terms, conditions, and equal access to educational opportunities due to her sex, and in retaliation for her good-faith complaint based on this treatment. As outlined above, Plaintiff did not receive reasonable accommodations, Plaintiff made multiple good-faith complaints about regarding Plaintiff's disability and was denied these requests because of her sex.

## ATTORNEYS' FEES

28. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the attorneys listed in this

pleading. Plaintiff seeks recovery of reasonable and necessary attorneys' fees pursuant to Title IX of the Civil Rights Act of 1964, as amended, and the American with Disabilities Act.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. Declaratory judgment that Plaintiff's civil rights have been violated, including a finding that her rights under federal law (ADA (Title II), Rehabilitation Act of 1973, Title IX (sex)) have been violated;

b. Compensatory damages;

c. Readmission and/or admission to the University;

d. Pre-judgment interest at the highest legal rate;

e. Post-judgment interest at the highest legal rate until paid;

f. Damages for mental pain and mental anguish;

g. Liquidated damages;

h. Attorney's fees;

i. All costs of court;

j. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show he is justly entitled.

**Respectfully Submitted,**

BY/s/Nathan E. Inurria
NATHAN E. INURRIA
State Bar No. 24101953
Federal ID No. 3020186
GEORGE K. FARAH

        **State Bar No. 24040882**
        **Federal ID No. 38353**
        **FARAH LAW GROUP, PLLC**
        **1211 Hyde Park Blvd.**
        **Houston, Texas 77006**
        **T: (713) 529-6606**
        **F: (713) 529-6605**
        **E: gkf@gflawoffices.com**
        **E: nei@gflawoffices.com**

        ***ATTORNEYS FOR PLAINTIFF***