United States District Court
Southern District of Texas
**ENTERED**
October 15, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUYNN FOLKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-20-3165 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is the University of Houston's Motion for Summary Judgment (Document No. 25-1). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

### I. BACKGROUND

This case involves the alleged discrimination of a university student. Plaintiff Quynn Folkes ("Folkes") is a former student at Defendant University of Houston ("UH") College of Pharmacy's ("UHCOP") Doctorate of Pharmacy ("Pharm.D") program. Folkes alleges, while attending pharmacy school, she notified UH she was pregnant, suffering from post-birth complications, and had generalized anxiety disorder. Folkes alleges the medical issues she was dealing with at the time impacted her ability to perform in school. Folkes also alleges she requested accommodations, but her requests were ignored or denied. In 2019, UH suspended Folkes from school

for poor academic performance. The suspension was ultimately upheld at each level of UHCOP and UH's academic appeals process. Folkes further alleges she applied for retroactive medical withdrawal from one of her courses, but UH denied her request.

Based on the foregoing, on September 11, 2020, Folkes commenced this lawsuit against UH, asserting claims for discrimination, retaliation, and failure to accommodate under Title II of the American With Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act of 1973 (the "Rehab Act") and for discrimination and retaliation under Title IX of the Education Amendments of 1972 ("Title IX"). Folkes also requests declaratory and equitable relief. On October 28, 2020, UH moved to dismiss Folkes's claims. On June 9, 2021, the Court granted in part and denied in part the motion to dismiss. Consequently, Folkes's remaining claims are: (1) her claims for disability discrimination, failure to accommodate, and retaliation under the Rehab Act; and (2) her claims for sex discrimination and retaliation under Title IX. On June 30, 2021, UH moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted). But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most

favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

UH moves for summary judgment, contending: (1) Folkes's Title IX claims are time-barred; and (2) she cannot establish she is disabled, but even assuming she is disabled, she did not request accommodations nor was her suspension related to her alleged disability. Folkes contends: (1) her pregnancy with her second child and her and her son's ensuing health issues constituted a disability, for which she was denied a reasonable accommodation; and (2) her requests for assistance in seeking prescription refills was a request for accommodation for her Generalized Anxiety Disorder ("GAD") which was also denied.[1]

---

[1] UH objects to Exhibits B, D, F, H, and J attached to Folkes's response to the motion for summary judgment. *The University of Houston's Reply in Support of its Motion for Summary Judgment*, Document No. 33 at 4. UH contends the exhibits are not properly authenticated and are, therefore, inadmissible. However, the Court is able to determine the appropriateness of summary judgment without considering the objected-to exhibits. In light of this Order's ruling, the Court need not reach UH's evidentiary objections as to Folkes's Exhibits B, D, F, H, and J. Accordingly, UH's evidentiary objections are overruled as moot.

A.   *Title IX Claims*

UH contends Folkes's Title IX claims are time-barred because they were based solely on her pregnancies. The statute of limitations for Folkes's Title IX claims is two years. *See Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 583 (5th Cir. 2020). Folkes was pregnant with her first child when she started the Pharm.D program in the fall of 2016.[2] Folkes gave birth to her second child in on February 13, 2018.[3] Folkes filed this lawsuit on September 11, 2020, over two years after the birth of her second child.[4] Thus, UH contends any alleged discriminatory or retaliatory acts relating to her pregnancies occurred outside of the two-year statute of limitations. Folkes does not respond to UH's time-bar argument in her response to the motion for summary judgment. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court finds Folkes fails to establish a genuine dispute of material fact as to whether the allegedly discriminatory or retaliatory acts are timed barred. Accordingly, summary judgment as to Folkes's Title IX sex discrimination and retaliation claims is granted.

---

[2] *Plaintiff's Response to Defendant University of Houston's Motion for Summary Judgment*, Document No. 31, Exhibit A at 17:6–10 (*Deposition of Quynn Folkes*) [hereinafter *Deposition of Quynn Folkes*].

[3] *Deposition of Quynn Folkes*, *supra* note 2, at 39:18–19.

[4] *See Plaintiff's Original Complaint*, Document No. 1.

B.   *Rehab Act Claims*

UH contends Folkes's discrimination claims under the Rehab Act fail because she was suspended for poor academic performance, not due to discrimination based on her alleged disabilities. Folkes contends: (1) UH failed to accommodate her disabilities, namely her second pregnancy and her GAD; (2) UH's failure to accommodate caused her to fail a course which led her ultimate suspension for poor academic performance; and (3) UH retaliated against her for requesting accommodations.

"[P]recedent interpreting or applying the ADA applies with equal force to a claim under the [Rehab Act]." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020). To prevail on a claim under Section 504 of the Rehab Act, a student excluded from an educational program must show: (1) she has a qualifying disability; (2) she is otherwise qualified to participate in the defendant's program; and (3) she was excluded from the defendant's program solely due to her disability. *Shurb v. Univ. of Tex. Health and Sci. Ctr. at Hous.-Sch. of Med.*, 63 F. Supp. 3d 700, 707 (S.D. Tex. 2014) (Hoyt, J.) (citing *Maples v. Univ. of Tex. Med. Branch at Galveston*, 901 F. Supp. 2d 874, 879–80 (S.D. Tex. 2012) (Costa, J.)). An "otherwise qualified" person is one who can "meet all of a program's requirements in spite of" a disability. *Southeastern Cmty. Coll. v. Davis*, 442 U.S. 397, 406 (1979).

6

Evidence of a covered entity's knowledge of the plaintiff's disability, limitation, and necessary reasonable accommodations is required for a prima facie case of disability discrimination. *Windham v. Harris Cnty.*, 875 F.3d 226, 236 (5th Cir. 2017). When asserting a failure to accommodate claim, a plaintiff must show: "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered [entity]; and (3) the [entity] failed to make reasonable accommodations for such known limitations." *Feist v. La., Dep't of Just., Office of Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (internal quotations omitted). "[W]here the disability, resulting limitations, and necessary reasonable accommodation are not open, obvious and apparent to the [entity], the initial burden rests primarily upon the employee to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009) (discussing failure to accommodate claims in the context of the ADA). An accommodation is considered unreasonable if it "fundamentally alter[s] the nature of service, program or activity." 28 C.F.R. § 35.130(b)(7). Importantly, "[a]cademic requirements that the recipient can demonstrate are essential to the instruction being pursued . . . or to any directly related licensing requirement will not be regarded as discriminatory . . . ." 34 C.F.R. § 104.44(a).

*1.   Pregnancy*

UH contends: (1) pregnancy is not a disability under the ADA and Rehab Act; (2) but even if she were disabled, Folkes was not otherwise qualified for the Pharm.D program; and (3) Folkes's poor academic performance was the sole reason for her suspension. Folkes contends: (1) her second pregnancy and the resulting complications for her and her son constitute a disability; (2) UH knew of her pregnancy and failed to offer accommodations or otherwise inform her of the accommodation process; and (3) UH failed to accommodate her request to lighten her course load due to her pregnancy.

Courts have held pregnancy discrimination is a sex-based discrimination claim and is not considered a disability under the ADA. *See Stoud v. BMC Software, Inc.*, Civil Action No. H-06-1402, 2007 WL 9753127, at *12 (S.D. Tex. Sept. 18, 2007) (Gilmore, J.); *see also Ross v. GTE Wireless of Hous., Inc.*, Civil Action No. H-98-4046, 2000 WL 1279618, at *8 (S.D. Tex. Jan. 14, 2000) (Hoyt, J.). The Rehab Act and the ADA are not proper vehicles for plaintiffs to bring discrimination claims based on pregnancy. *See Stoud*, 2007 WL 9753127, at *12. Therefore, Folkes is not considered to be disabled under the ADA and the Rehab Act due to her pregnancy. The Court finds Folkes fails to set forth a prima facie case of her disability claims based on her pregnancy. Accordingly, summary judgment is granted as to Folkes's pregnancy related claims under the Rehab Act.

2.   *Generalized Anxiety Disorder*

UH contends: (1) Folkes's GAD is not a disability under the Rehab Act; (2) even if she is disabled, she did not make a request for an accommodation until after she was suspended from the Pharm.D program; and (3) she was suspended for poor academic performance, not because of her disability or alleged request for an accommodation. Folkes contends: (1) UH failed to accommodate her for her GAD causing a panic attack during a final, which then caused her to fail the class; and (2) UH discriminated and retaliated against her based on her request for an accommodation by suspending her from the Pharm.D program.

Folkes started the Pharm.D program in the fall of 2016 at which time Folkes, like all other incoming students, signed an acknowledgment form stating her plan of study for the Pharm.D program would only be offered once due to a curriculum change.[5] This acknowledgment also explained that if a student did not pass a class, her performance would be reviewed by the Admissions and Progressions Committee (the "Committee") and, assuming she was eligible to continue the program, the

---

[5] *Deposition of Quynn Folkes, supra* note 2, at 114:6–117:10; *The University of Houston's Motion for Summary Judgment*, Document No. 25-1, Exhibit C, ¶ 3 (*Declaration of Elizabeth Coyle*) [hereinafter *Declaration of Elizabeth Coyle*]; *The University of Houston's Unopposed Motion to Amend Summary Judgment Exhibits B and E*, Document No. 32, Exhibit F, ¶ 15 (*Amended Declaration of Paige Pittman*) [hereinafter *Amended Declaration of Paige Pittman*].

9

Committee would provide a new plan of study to complete the degree.[6] Additionally, all students received a copy of the UHCOP Handbook (the "Handbook") at the beginning of every school year. The Handbook included information on UH's Center for Students with Disabilities (the "CSD"), and how to request reasonable accommodations.[7] Further, every course syllabus for all UCHOP courses contains the same CSD information as the Handbook.[8]

It is uncontested Folkes failed her Pharmacokinetics and Pharmacology courses in the fall of 2017.[9] One of these courses was a pre/co-requisite of three other required courses.[10] It is also uncontested Folkes was placed on academic probation as a result of her poor academic performance.[11] In February 2018, Folkes withdrew from the Pharm.D program due to her son's medical issues, and returned for the fall 2018 semester.[12] In May 2019, Folkes failed her Pharmacology II exam and was

---

[6] *Deposition of Quynn Folkes, supra* note 2, at 114:6–117:10; *Declaration of Paige Pittman, supra* note 6, ¶15.

[7] *Amended Declaration of Paige Pittman, supra* note 5, ¶¶ 3,16–19.

[8] *Amended Declaration of Paige Pittman, supra* note 5, ¶ 3.

[9] *Amended Declaration of Paige Pittman, supra* note 5, ¶ 5.

[10] *Amended Declaration of Paige Pittman, supra* note 5, ¶ 5.

[11] *Amended Declaration of Paige Pittman, supra* note 5, ¶ 5.

[12] *Amended Declaration of Paige Pittman, supra* note 5, ¶ 8.

placed on academic suspension pursuant to UCHOP policy.[13] Folkes appealed her suspension and also requested she be allowed to remediate the final exam.[14] Folkes contends this failing grade was due to a panic attack she had during the exam which should have been accommodated through remediation of the grade.[15] The appeal of her suspension was upheld at each stage of the appeals process.[16] As part of the suspension decision, Folkes was allowed to reapply for admission to restart the Pharm.D program.[17] However, in mid-2019, Folkes applied for and began doing the course work for a nursing degree at the Lone Star College System, before she received the final decision on her appeal.[18]

    *a.    Failure to Accommodate Claim*

On March 7, 2019, Folkes emailed Dr. Pittman, requesting assistance in setting up an appointment to refill her Selective Serotonin Reuptake Inhibitor ("SSRI") medication after she left a voicemail with the University Health Center.[19]

---

[13] *Amended Declaration of Paige Pittman, supra* note 5, ¶ 11.

[14] *Deposition of Quynn Folkes, supra* note 2, at 59:7–9.

[15] *Deposition of Quynn Folkes, supra* note 2, at 53:25–54:3

[16] *Declaration of Elizabeth Coyle, supra* note 5, ¶¶ 9–14.

[17] *Declaration of Elizabeth Coyle, supra* note 5, ¶¶ 9, 20.

[18] *Deposition of Quynn Folkes, supra* note 2, at 180:9–13.

[19] *Amended Declaration of Paige Pittman, supra* note 5, Exhibit 5 at 1 ("I am emailing you today to inform you that I emailed Mrs. Luthra about getting some sort of referral or help in getting an appointment with the university psychiatry clinic as soon as

11

Dr. Pittman responded to Folkes's email by stating she did not need her assistance in setting up the appointment.[20] Dr. Pittman contends it would have been faster if Folkes went to the University Health Center in person to set up the appointment, as it is located in the same building as UHCOP.[21] On June 10, 2019, Folkes met with Cheryl Spadaccia ("Spadaccia") at the CSD regarding her GAD.[22] In that meeting, Folkes requested accommodations for her GAD, which the CSD provided.[23] However, the provided accommodations were effective from June 10, 2019 to June 10, 2020 and not retroactive in nature, and thus did not apply to Folkes's Spring 2019 semester.[24]

---

possible. I left a voicemail with them yesterday to set an important [sic], as I need to reestablish a prescription of mine . . . . I'm experiencing some symptoms of withdrawal from my SSRI medication and am trying to set an appointment sooner rather than later.").

[20] *Amended Declaration of Paige Pittman, supra* note 5, Exhibit 5 at 1 ("You don't need Mrs. Luthra—just contact the university health center to set up an appointment today.").

[21] *Plaintiff's Response to Defendant University of Houston's Motion for Summary Judgment*, Document No. 31, Exhibit C at 37:8–10 ("[UHCOP] his [sic] located one floor above the university health center. I really wanted her to go there in person.") (*Deposition of Paige Pittman*).

[22] *The University of Houston's Unopposed Motion to Amend Summary Judgment Exhibits B and E*, Document No. 32, Exhibit G, ¶ 5 (*Amended Declaration of Cheryl Amoruso Spadaccia*) [hereinafter *Amended Declaration of Cheryl Amoruso Spadaccia*].

[23] *Amended Declaration of Cheryl Amoruso Spadaccia, supra* note 22, ¶ 5.

[24] *Amended Declaration of Cheryl Amoruso Spadaccia, supra* note 22, ¶ 5.

Folkes contends her March 7, 2019 email to Dr. Pittman was a denial of a request for accommodation, because, as a pharmacist, Dr. Pittman should have known SSRIs are used to treat GAD. However, the email does not contain a request for assistance with Folkes's underlying alleged disability, but rather only requests assistance with setting up an appointment to refill her medication.[25] Folkes's email does not affirmatively state she has GAD or is otherwise disabled. The fact she takes SSRI medication is the only indication she has a disability. However, the content of the email would require Dr. Pittman to infer Folkes has a disability. The case law in the Fifth Circuit is clear that when a disability is not obvious, it is the plaintiff's duty to make the disability and its limitations known, and to specifically request a reasonable accommodation. *See Chevron Phillips Chem. Co.*, 570 F.3d at 621. Folkes knew of her GAD in late 2018 and was seeking treatment from her primary care provider until early 2019.[26] Yet she did not disclose this to anyone at UH until she went to a psychiatrist on UH's campus, after she failed her Pharmacology II exam and was suspended.[27] The Court finds the March 7, 2019 email is not a request for accommodation within the meaning of the Rehab Act, nor was it sufficient to put UH on notice of Folkes's GAD and its limitations.

---

[25] *Amended Declaration of Paige Pittman, supra* note 5, Exhibit 5 at 1.

[26] *Deposition of Quynn Folkes, supra* note 2, at 50:12–15.

[27] *Deposition of Quynn Folkes, supra* note 2, at 50:15–17.

Folkes also contends her request to remediate her Pharmacology II failing grade was a request for an accommodation, since she had a panic attack during the exam due to her GAD. UHCOP denied this request because, per UHCOP policies, she was ineligible for remediation due to her prior poor academic performance.[28] Folkes's request to remediate her Pharmacology II grade would have required UH and UHCOP to alter is academic standing requirements for its Pharm.D program, as detailed in the Handbook.[29] *See* 34 C.F.R. § 104.44(a) (stating requirements necessary for a licensing or professional program are not discriminatory). Therefore, UH's denial of Folkes's request to remediate her Pharmacology II grade was not discriminatory because it would have required UH and UHCOP to alter necessary requirements of its Pharm.D program. Accordingly, the Court grants summary judgment as to Folkes's failure to accommodate claim.

    b.    *Retaliation Claim*

UH contends Folkes was placed on academic suspension when she failed her Pharmacology II course after being on academic probation for her prior poor academic performance.[30] This suspension resulted in Folkes being unable to continue with the Pharm.D program, but she was given the option to reapply to start

---

[28] *Declaration of Elizabeth Coyle, supra* note 5, ¶ 21.

[29] *Declaration of Elizabeth Coyle, supra* note 5, ¶¶ 9, 21.

[30] *Declaration of Elizabeth Coyle, supra* note 5, ¶ 9.

the program from the beginning.[31] UH further contends her poor academic performance is a legitimate, non-retaliatory reason for suspending Folkes from the Pharm.D program. Folkes does not respond to UH's argument regarding its legitimate, non-retaliatory reasons for Folkes's suspension, or provide any evidence this reason is a pretext. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court finds Folkes fails to raise a genuine issue of material fact as to her retaliation claim based on her alleged request for accommodation. Accordingly, the motion for summary judgment is granted as to the retaliation claim.

    c.    *Discrimination Claim*

In her complaint, Folkes contends she was discriminated against based on her alleged disability when her disability "became a factor in denying her readmission" into the Fall 2019 semester by upholding her suspension on appeal.[32] UH contends her suspension was due to poor academic performance and based on her alleged disability. UH also contends Folkes had the option to reapply to the Pharm.D program after her suspension was complete but did not.[33] Folkes concedes she was

---

[31] *Declaration of Elizabeth Coyle*, *supra* note 5 at 148–54.

[32] *Plaintiff's Complaint*, Document 1, ¶ 22.

[33] *The University of Houston's Motion for Summary Judgment*, Document No. 25, Exhibit 1 at 7.

allowed reapply at the end of her suspension, but since her current curriculum path was no longer being offered, she would have to restart the Pharm.D program which she chose not to do.[34] Folkes did not respond to UH's argument regarding its legitimate, nondiscriminatory reasons to uphold her suspension and deny her readmission to the Fall 2019 semester. S.D. Tex. Local R. 7.4. The Court finds there is no genuine issue of material fact as to whether Folkes was denied readmission into the Pharm.D program Fall 2019 semester based on her alleged disability. Accordingly, the motion for summary judgment is granted as to the disability discrimination claim.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant University of Houston's Motion for Summary Judgment (Document No. 25-1) is **GRANTED**.

The Court will enter a separate final judgment.

SIGNED at Houston, Texas, on this __15__ day of October, 2021.

DAVID HITTNER
United States District Judge

---

[34] *Deposition of Quynn Folkes*, *supra* note 2, at 130:11–13, 179:25–180:13.